VOORHEES RUBBER MANUFACTURING COMPANY, PLAINTIFF, v. UNITED STATES COMPRESSION INNER TUBE COMPANY, DEFENDANT.

Argued November 2, 1921—Decided April 13, 1922.

Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect to such breach of contract, should be either such as may fairly and substantially be considered as arising naturally from such breach of contract itself, or such as may be reasonably supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the rule, *George W. Flaacke* and *William E. Decker.*

*Contra, George G. Tennant.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff owns and operates a rubber mill in Jersey City. A contract was made be-

tween the parties hereto by the terms of which the plaintiff was to manufacture for the defendant compression inner tubes for automobiles for a period of five years, from July 1st, 1919. By the terms of this contract the defendant company agreed to purchase, during the running of it, all inner tubes sold by it in any part of the United States, east of Ohio, Kentucky, Tennessee and Alabama, and to pay for said tubes the prices fixed by the contract. The agreement was performed by both parties until August 4th, 1920, when the defendant company refused to further comply with its provisions and instructed the plaintiff to cease manufacturing for it. Plaintiff thereupon brought this action to recover moneys due for tubes delivered under the contract, and which had not yet been paid for, and loss of profits sustained by it as the direct result of the breach of the contract by the defendant, and the trial resulted in a verdict in its favor for $76,653.20. Thereupon the defendant applied for and obtained the present rule, by the terms of which all exceptions are reserved from its operation.

The grounds upon which we are asked to set aside the verdict are—*first,* because it is contrary to the weight of evidence; *second,* because it is contrary to the charge of the court; *third,* because it is excessive; and *fourth,* because the damages proved were uncertain and speculative.

The defence interposed to the plaintiff's claim was that the defendant was legally justified in refusing further to perform the contract for the reason that the compression inner tubes manufactured and furnished by the plaintiff were not in accordance with the provisions of the contract, both in respect to material used and workmanship done upon them, and that because of these defects the tubes were unmarketable. The plaintiff denied the truth of this contention and undertook to prove that the sole reason which moved the defendant to refuse to perform was that in August, 1920, they were in a position to obtain the same class of inner tubes at a much smaller expenditure than that called for by the contract. Upon this question the jury found in favor of the plaintiff and our examination of the proofs leads us to the conclusion

that they were justified in so doing. This being so, we consider the verdict was not contrary to the weight of evidence.

The contention that the verdict was contrary to the charge of the court was not pressed before us, and our examination of the charge leads us to the conclusion that the contention is without justification.

The next contention is that the damages awarded to the plaintiff for loss of profits were excessive. Whether or not this is so depends almost entirely upon whether the jury was justified in believing the testimony of the plaintiff's witnesses with relation to the loss sustained by it, or should have accepted the testimony of the defendant's witnesses upon this point. It is admitted that the sum allowed by the jury on this account was $75,000. The figures of plaintiff's witnesses showed a loss of profits considerably in excess of the amount awarded by the jury. Those of the defendant's witnesses showed a loss (if any) much less than the amount of the award. Manifestly, the jury discarded the estimates of defendant's witnesses and having done this (and it was for the jury to determine which side was entitled to credit) the verdict cannot be said to be excessive, particularly in view of the fact that the amount of lost profits as found by them was considerably less than that which was attempted to be shown by the testimony submitted on the part of the plaintiff, indicating, as we think, the care given by that body to the consideration of the case, and its conclusion that (as the defendant claimed) the cost of raw material and of labor required to be used by the plaintiff in the performance of the contract on its part was likely to increase during the continuance of the period covered by it. We conclude that the verdict should not be disturbed upon this ground.

The contention that the damages proved were uncertain and speculative seems to us to be without merit. The same contention was made in the leading case of *Wolcott* v. *Mount*, 38 N. J. L. 496. In that case the plaintiff ordered from the defendants, who were seed merchants, "Early strap-leaf, red-top turnip seed." The seed being planted turned out to be a different kind, so that the plaintiff lost his crop. He sued

for and recovered the value of the product that would have resulted had the seed been that which he had ordered. Chief Justice Beasley, writing for the Court of Errors and Appeals, declared the true rule with relation to damages in cases of this kind in the following words: "Profits sometimes are not, in legal point of view, either remote or uncertain. Where the situation of the parties is such that, supposing their attention to have been directed to the contingency, they must have perceived, at the time of the making of the contract, that its breach would probably result in the loss of definite profits, such profits being of an ascertainable nature, the compensation which the law affords to the injured party will embrace these profits. * * * Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect to such breach of contract, should be either such as may fairly and substantially be considered as arising naturally—i. e., according to the usual course of things—from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it." It cannot be said, in view of this statement of the legal rule, that the damages proved by the plaintiff were so uncertain and speculative as to afford no support to the verdict.

The rule to show cause will be discharged.